JUNE D. COLEMAN (CSBN 191890)
jcoleman@kmtg.com
DANIELLE R. TEETERS (CSBN 210056)
dteeters@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN &
GIRARD
400 Capitol Mall, 27th Floor
Sacramento, CA  95814
Telephone:    (916) 321-4500
Facsimile:    (916) 321-4555

Attorneys for Defendant
BENCHMARK RECOVERY INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JAMIE L. MILLER,

        Plaintiff,

v.

BENCHMARK RECOVERY INC.; AND
DOES 1-20, INCLUSIVE,

        Defendants.

CASE NO. **CV 13 3120**

Napa Case No. 26-61635

**NOTICE OF REMOVAL OF ACTION
UNDER 28 USC § 1441(b) (FEDERAL
QUESTION)**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    PLEASE TAKE NOTICE that defendant BENCHMARK RECOVERY INC. hereby removes to this Court the state court action described below:

    1.    On May 21, 2013, an action was commenced in Superior Court, State of California, County of Napa, entitled JAMIE L. MILLER, Plaintiff, v. BENCHMARK RECOVERY, INC., Defendant, as case number 26-61635.

    2.    On or about June 5, 2013, BENCHMARK RECOVERY INC. received the Complaint for Damages attached hereto as **Exhibit A**.

    3.    On or about June 5, 2013, BENCHMARK RECOVERY INC. received the Summons attached hereto as **Exhibit B**.

    4.    On or about June 5, 2013, BENCHMARK RECOVERY INC. received the Civil

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

1031895.1 99999.355                - 1 -

NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(B) (FEDERAL QUESTION)

1 | Case Cover Sheet attached hereto as **Exhibit C**.

2 |     5.    This Court has jurisdiction to hear this case because this action is a civil action of

3 | which this Court has original jurisdiction under **28 U.S.C. § 1331**, and is one which may be

4 | removed to this Court by defendant pursuant to the provisions of **28 U.S.C. § 1441(b)** in that it

5 | arises under the federal Fair Debt Collection Practices Act (**15 U.S.C. § 1692,** *et seq.*).

7 | Dated: July 5, 2013

8 |                                 KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
   |                                   A Law Corporation

10 | By: _____
11 |                                 June D. Coleman
    |                                 Danielle R. Teeters
12 |                                 Attorneys for Defendant
    |                                 BENCHMARK RECOVERY INC.

# PROOF OF SERVICE

I, Kathy Rockenstein, declare:

I am a citizen of the United States and employed in Sacramento County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 400 Capitol Mall, 27th Floor, Sacramento, California 95814. On July 5, 2013, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (FEDERAL QUESTION)**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Sacramento, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Abbas Kazerounian
S. Masih Kazerouni
Kazerouni Law Group, APC
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705
Phone: (800) 400-6808
Fax: (800) 520-5573
Email: ak@kazlg.com;
masih@kazlg.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

1031895.1 99999.355                                    - 3 -

NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(B) (FEDERAL QUESTION)

1      I declare under penalty of perjury under the laws of the State of California that the above

2  is true and correct.

3      Executed on July 5, 2013, at Sacramento, California.

4

5                            _____

6                                Kathy Rockenstein

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

1031895.1 99999.355              - 4 -

NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(B) (FEDERAL QUESTION)

**EXHIBIT A**

**ENDORSED**

MAY 2 1 2013

Clerk of the Napa Superior Court
By:_____J. OLIVER_____
Deputy

CASE MANAGEMENT CONFERENCE
DATE: 10.29.13
TIME: 8:30am
PLACE: Courtroom ___C___
825 Brown Street, Napa CA 94559

DELAY REDUCTION CASE

1 | KAZEROUNI LAW GROUP, APC
2 | Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
3 | S. Masih Kazerouni, Esq. (SBN: 272148)
masih@kazlg.com
4 | 2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
5 | Telephone: (800) 400-6808
Facsimile: (800) 520-5523
6 |
7 | *Attorneys for Plaintiff,*
Jamie L. Miller

8 | ### SUPERIOR COURT OF CALIFORNIA
9 | ### COUNTY OF NAPA – HISTORIC COURTHOUSE - LIMITED

10 | JAMIE L. MILLER,          Case No.: **26 - 61635**

11 |          Plaintiff,

12 |          v.                **I. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-1788.32; AND,**

13 | BENCHMARK RECOVERY
14 | INC.; AND DOES 1-20,       **II. THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P)**
INCLUSIVE,

15 |
16 |          Defendants.      **JURY TRIAL DEMANDED**

17 |                           **LIMITED – UNDER $10,000.00**

18 |                    INTRODUCTION

19 | 1.  The California legislature has determined that the banking and credit system
20 |     and grantors of credit to consumers are dependent upon the collection of just
21 |     and owing debts and that unfair or deceptive collection practices undermine
22 |     the public confidence that is essential to the continued functioning of the
23 |     banking and credit system and sound extensions of credit to consumers. The
24 |     Legislature has further determined that there is a need to ensure that debt
25 |     collectors exercise this responsibility with fairness, honesty, and due regard
26 |     for the debtor's rights and that debt collectors must be prohibited from
27 |     engaging in unfair or deceptive acts or practices.[1]
28 |
_____
[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

*Sidebar:* KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

COMPLAINT FOR DAMAGES                    PAGE 1 OF 8

2. JAMIE L. MILLER ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of BENCHMARK RECOVERY INC. ("Defendant"); and, DOES 1-20, with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

### JURISDICTION AND VENUE

7. Jurisdiction of this Court is proper because the events leading to Plaintiff's causes of action occurred in the County of Napa and in the State of California.

8. This action arises out of Defendant's violations of (i) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"); and, (ii) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

9. Because Defendants conduct business within the State of California, personal jurisdiction is established.

10. Venue is proper.

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## PARTIES

11. Plaintiff is a natural person who resides in the City of Napa, County of Napa, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is a corporation with its principal place of business in the State of Washington and incorporated in the State of Washington.

13. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, pursuant to the California Civil Procedure Code § 474. Plaintiff is informed and believes, and thereon alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby

COMPLAINT FOR DAMAGES

proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

16. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants DOES 1 through 20, were agents or employees of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent or employee and with the permission and consent of their co-defendants, and each of them.

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

19. In or about 2011, Plaintiff allegedly incurred financial obligations the original creditor, Bank of the West, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(6).

20. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

21. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection.

22. From October 2012 to the present, Plaintiff has received telephone calls and written letters from Defendant. These telephone calls and written letters were "communications" as 15 U.S.C. § 1692a(2) defines that term, and a "debt

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1  collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b) and 15

2  U.S.C. § 1692a(6).

3  23. On November 16, 2012, Plaintiff's husband Kevin Miller received a call at

4  Mr. Miller's business from Defendant's representative. Mr. Miller explicitly

5  informed Defendant's representative that Mr. Miller is not allowed to take

6  these types of calls at Mr. Miller's workplace and that Defendant's

7  representative should note that in the system. Despite Mr. Miller's reasonable

8  request, Defendant's representative refused to honor this request.

9  24. On November 16, 2012, Plaintiff sent a letter via certified mail to Defendant,

10  requesting that the Defendant cease and desist, with the exception of a letter of

11  acknowledgment as to the request.

12  25. On January 28, 2013, Defendant's representative Robert Thorn again called

13  Mr. Miller at Mr. Miller's workplace and requested to speak to Mr. Miller.

14  For the second time, Mr. Miller requested that the Defendant's representatives

15  cease their communications with both Plaintiff and Plaintiff's family.

16  Additionally, Defendant's representative informed the Plaintiff that Plaintiff

17  will be served with a lawsuit regarding the alleged debt by the end of the

18  week. As of April 26, 2013, no lawsuit has been filed.

19  26. On January 31, 2013, Defendant's representative, Robert Thorn, called

20  Plaintiff in an attempt to collect on the alleged debt. Defendant's

21  representative was once again was informed by Plaintiff that Defendant's

22  representatives should cease and desist further contact with Plaintiff and

23  Plaintiff's family. As before, the Defendant's representative refused to abide

24  by that request.

25  27. Through this conduct, Defendant violated 15 U.S.C. § 1692c(c) by contacting

26  both Plaintiff and Plaintiff's husband regarding the debt after it received

27  written notification that the Plaintiff requested that Defendant to cease

28  communication with the Plaintiff. 15 U.S.C. § 1692c(c) is incorporated into

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

the RFDCPA by Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

28. Through this conduct, Defendant violated 15 U.S.C. § 1692c(a)(3) by contacting Plaintiff's husband at his place of employment after Defendant was notified that such communications were prohibited by the employer. 15 U.S.C. § 1692c(a)(3) is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

29. Through this conduct, Defendant violated Cal. Civ. Code § 1788.12(a) by contacting Plaintiff's husband at his place of employment after Defendant was notified that such communications were prohibited by the employer.

30. Through this conduct, Defendant violated 15 U.S.C. § 1692 e(5) by threatening to take a legal actions that was not intended on being taken. 15 U.S.C. § 1692e(5) is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

31. Through this conduct, Defendant violated Cal. Civ. Code § 1788.13(j) by making the false representation that a legal proceeding is about to be taken unless payment of a consumer debt is made.

32. Through this conduct, Defendants took actions against Plaintiff concerning the alleged debt in violation of the statute discussed above. Consequently, Defendant violated Cal. Civ. Code §§ 1788.12(a), and 1788.17(b).

///
///
///
///
///
///
///
///

1

CAUSE OF ACTION CLAIMED BY PLAINTIFF

2

COUNT I

3

VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

4

Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

5

[Against All Defendants]

6  33. Plaintiff incorporates by reference all of the above paragraphs of this
7      Complaint as though fully stated herein.

8  34. The foregoing acts and omissions constitute numerous and multiple violations
9      of the RFDCPA.

10 35. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to
11     any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory
12     damages for a knowing or willful violation in the amount up to $1,000.00
13     pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and
14     costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant
15     individually.

16

COUNT II

17

VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

18

15 U.S.C §§ 1692-1692(P) (FDCPA)

19

[Against All Defendants]

20 36. Plaintiffs incorporate by reference all of the above paragraphs of this
21     Complaint as though fully stated herein.

22 37. The foregoing acts and omissions constitute numerous and multiple violations
23     of the FDCPA.

24 38. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to
25     any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages
26     for a knowing or willful violation in the amount up to $1,000.00 pursuant to
27     15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant
28     to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;

- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;

- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually.

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually; and,

- any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

39. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 26, 2013

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:

MASIH KAZEROUNI, ESQ.
ATTORNEY FOR PLAINTIFF

**EXHIBIT B**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BENCHMARK RECOVERY INC.; AND DOES 1-20, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAMIE L. MILLER,

DELAY REDUCTION CASE

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# ENDORSED
MAY 2 1 2013
Clerk of the Napa Superior Court
By: _____ J. OLIVER _____
Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Historic Courthouse- Napa County <br> 825 Brown Street, First Floor <br> Napa, CA 94559 | CASE NUMBER: <br> *(Número de Caso):* <br> **26 - 61635** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kazerouni Law Group, APC, S. Masih Kazerouni, 2700 N. Main St, Ste 1000, Santa Ana 92705, 800-400-6808

RICHARD D. FELDSTEIN

| DATE: <br> *(Fecha)* MAY 2 1 2013 | Clerk, by <br> *(Secretario)* **J. OLIVER** | , Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

SEAL

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Benchmark Recovery Inc.**

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 6/5/2013

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT C**

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Abbas Kazerounian, Esq. (SBN: 249203)<br>S. Masih Kazerouni, Esq. (SBN: 272148)<br>2700 N. Main Street, Ste. 1000<br>Santa Ana, California 92705<br>TELEPHONE NO.: (800) 400-6808    FAX NO.: (800) 520-5523<br>ATTORNEY FOR *(Name):* Jamie L. Miller | FOR COURT USE ONLY<br><br>*CONFORM COPY*<br><br>**ENDORSED**<br>MAY 2 1 2013<br>Clerk of the Napa Superior Court<br>By: _____ J. OLIVER<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA
STREET ADDRESS: 825 Brown Street, First Floor
MAILING ADDRESS: 825 Brown Street, First Floor
CITY AND ZIP CODE: Napa, 94559
BRANCH NAME: Historic Courthouse

CASE NAME:
Jamie L. Miller v. Benchmark Recovery Inc, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: **26 - 61635** |
|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

**2.** This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
**4.** Number of causes of action *(specify):* 2- RFDCPA & FDCPA
**5.** This case ☐ is ☑ is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 4/26/13

S. Masih Kazerouni, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**